```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 11-23754-CIV-SEITZ
                              MAGISTRATE JUDGE P.A. WHITE
LUCIUS WORDLEY,           :

        Plaintiff,        :        REPORT OF
                                   MAGISTRATE JUDGE
v.                        :
OFFICER PABLO SAN MIGUEL, :            (DE#7)


        Defendant.        :
_____
```

## I. Introduction

The plaintiff, Lucius Wordley, a detainee at the Metro West Detention Center, filed a pro se civil rights complaint pursuant to 42 U.S.C. §1983 (DE#1) and a motion to amend relief to seek damages (DE#7), raising claims of excessive force, resulting from events surrounding his arrest in April of 2011.

This Cause is before the Court upon a preliminary screening of the complaint (DE#1)and the amendment (DE#7), pursuant to 28 U.S.C. §1915. The plaintiff is proceeding in forma pauperis.

## II. Analysis

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

> Sec. 1915 Proceedings in Forma Pauperis
>
> \* \* \*
>
> (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
>
> \* \* \*

>    (B) the action or appeal –
>
>         *   *   *
>
>    (i)  is frivolous or malicious;
>
>    (ii) fails to state a claim on which relief may be granted; or
>
>    (iii) seeks monetary relief from a defendant who is immune from such relief.

This is a civil rights action Pursuant to 42 U.S.C. §1983. Such actions require the deprivation of a federally protected right by a person acting under color of state law. See 42 U.S.C. 1983; Polk County v Dodson, 454 U.S.312 (1981); Whitehorn v Harrelson, 758 F. 2d 1416, 1419 (11 Cir. 1985. The standard for determining whether a complaint states a claim upon which relief may be granted is the same whether under 28 U.S.C. §1915(e)(2)(B) or Fed.R.Civ.P. 12(b)(6) or (c).  See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Bilal v. Driver, 251 F.3d 1346, 1349 (11 Cir.), cert. denied, 534 U.S. 1044 (2001).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," id., 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)").  In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the

plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States. <u>Arrington v. Cobb County</u>, 139 F.3d 865, 872 (11 Cir. 1998).

To determine whether a complaint fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)). <u>Twombly</u> applies to §1983 prisoner actions. <u>See</u> <u>Douglas v. Yates</u>, 535 F.3d 1316, 1321 (11 Cir. 2008). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Second, the Court must determine whether the complaint states a plausible claim for relief. <u>Id.</u> This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred.[1]

    A. <u>Statement of the Claims</u>

The plaintiff names Metro Dade Police Officer Pablo San Miguel as the sole defendant. He states that on April 8, 2011, he and his nephew got into a physical altercation. He claims he left the

---

[1] The application of the <u>Twombly</u> standard was clarified in <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937 (2009).

house, and when he returned and was cleaning up some broken glass resulting from the altercation, the Alarm System Company called him twice to check on his appearance in the house.  He then states someone with a gun aimed at him, and asked "Wordley is that You". He was told to get down or he would shoot. The officer came around behind him and placed a knee in the middle of his back and tried to twist his hand. He then felt a sharp pain, and heard his finger pop. He was in terrible pain and was placed in handcuffs. He was driven to the police station, and on the way was placed in a choke position and told to keep his mouth shut. An officer came over and he showed him the finger broken during the arrest. Pictures were taken and his hand was looked at, confirming it was broken. He was seen by a doctor in Jackson County Hospital, and informed he would need surgery.

B. <u>Sufficiency of the claim</u>
   <u>Use of Force</u>

Claims of excessive force by police officers are cognizable under 42 U.S.C. §1983, as are claims that officers who were present failed to intervene. <u>Fundiller v. City of Cooper City</u>, 777 F.2d 1436 (11 Cir. 1985). A claim that a law enforcement officer used excessive force in the course of an arrest, an investigatory stop, or any other seizure of a free citizen is to be analyzed under the Fourth Amendment and its "reasonableness" standard. <u>Graham v. Connor</u>, 490 U.S. 386 (1989); <u>Hadley v Gutierrez</u>, 526 F.3d 1324, 1329 (11 Cir. 2008); Vinyard <u>v. Wilson</u>, 311 F.3d 1340, 1346-47 (11 Cir. 2002); <u>Lee v. Ferraro</u>, 284 F.3d 1188, 1197 (11 Cir. 2002); <u>Ortega v. Schram</u>, 922 F.2d 684, 694 (11 Cir. 1991).

Such an analysis requires a court to balance "the nature and quality of the intrusion on the individual's Fourth Amendment

interests against the importance of the government interest alleged to justify the intrusion." Graham, supra, quoting United States v. Place, 462 U.S. 696 (1983). The factors to consider when balancing an arrestee's constitutional rights and the need for use of force include (1) the severity of the crime at issue; (2) whether the suspect poses an immediate threat to the safety of the officers or others, and (3) whether the suspect is actively resisting arrest or attempting to evade arrest by flight; Graham, supra, 490 U.S. at 396; Vinyard, supra, 311 F.3d at 1347; Lee, supra, 284 F.3d at 1197; and in determining whether the force applied was "reasonable" under the circumstances, the Court must examine: (1) the need for the application of force; (2) the relationship between the need and the amount of force that was used; and (3) the extent of the injury inflicted upon the individual to whom the force was applied. Graham, at 396; Vinyard, at 1347; Lee at 1998. Although the test applied by the Eleventh Circuit previously included a subjective prong, examining whether the force was applies maliciously, see e.g. Leslie v. Ingraham, 786 F.2d 1533, 1536 (11 Cir. 1986), that factor was eliminated from the analysis by Graham and other cases establishing that the excessive force inquiry should be completely objective, thereby excluding consideration of the Officer's intentions. Lee, supra, 284 F.3d at 1198 n.7. Thus, "reasonableness" for purposes of such an analysis is judged according to an objective standard under the totality of the circumstances, without regard to the officers' underlying intent. Graham, supra at 389. In Lee, the Eleventh Circuit explained that "Graham dictates unambiguously that the force used by a police officer in carrying out an arrest must be reasonably proportionate to the need for that force, which is measured by the severity of the crime, the danger to the officer, and the risk of flight." Lee, supra, 284 F.3d at 1198. Courts mut account for the fact that the police officers are forced to make split second judgements in circumstances that are tense, uncertain

5

and rapidly evolving as to the use of force used. Baptiste v Gutierrez, 627 F.3d 816, 821 (11 Cir. 2010).

At this preliminary stage, the plaintiff has stated a claim of use of unlawful force against Officer Miguel. Telephonic inquiry to the Metro West Detention Center indicates that the plaintiff is facing charges of child abuse, and held with no bond. To determine whether unlawful force was used will require further development to determine its sufficiency, probably in the form of a motion for summary judgement.

The plaintiff has not specified whether he intends to sue the defendant deputy in his individual and official capacities. A §1983 suit against the defendant in his official capacity is tantamount to a suit against the State, and thus the defendant would be immune from monetary damages based upon the Eleventh Amendment. Gamble v. Fla. Dept. of Health and Rehabilitative Services, 779 F.2d 1509, 1512-13 (11 Cir. 1986). The allegations of the complaint, however, state a classic case of an official acting outside the scope of his duties and in an arbitrary manner. Scheuer v. Rhodes, 416 U.S. 232, 238 (1974). Under this construction of the complaint, this Court has jurisdiction over the defendant in his individual capacity.

### III. Recommendation

Based on the foregoing, it is recommended that:

1. The claims of excessive force shall proceed against Defendant Office Miguel, in his individual capacity.

2. The operative complaint is the initial complaint (DE#1) and the Motion of Amendment to Relief (DE#7) which should be granted.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

It is so recommended at Miami, Florida, this 4th day of January, 2012.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Lucius Wordley, Pro Se
    No.803943
    Metro West Detention Center
    Address of record